UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| KRISTEN KINDRED ) | Case No.: 13-43337 |
| Debtor and Movant ) | MOTION TO ENFORCE THE |
| ) | DISCHARGE INJUNCTION |
| ) | (11 U.S.C. 524(A)(2)) |
| ) | AND MOTION FOR A FINDING OF CONTEMPT |
| ) | AND SANCTIONS (11 U.S.C. 105) |
| ) | |
| v. ) | |
| ) | Hearing Date: November 19, 2018 |
| MARIE ESTATES ) | Hearing Time: 11:00 AM |
| CONDOMINIUM ASSOCIATION ) | Courtroom: 7 North |
| ) | |
| AND ) | |
| ) | |
| AHLHEIM AND DORSEY, LLC ) | |
| Respondents ) | |

MOTION TO ENFORCE THE BANKRUPTCY DISCHARGE INJUNCTION AND MOTION FOR A FINDING OF CONTEMPT AND SANCTIONS FOR VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION

PLEASE TAKE NOTICE, THAT UPON THE Debtor's Motion to Enforce the discharge injunction in bankruptcy (11 U.S.C. 524(a)(2)) and Motion for a Finding of Contempt and Sanctions, the undersigned will move before the Honorable Kathy Surratt-States, in the United States Bankruptcy Court, 111 South Tenth Street, 7 Floor North, St. Louis. MO, on November 19th, 2018 at 11:00 a.m., or as soon thereafter as the parties can be heard for an order granting the relief requested.

COMES NOW Debtor, Kristen Kindren, Movant herein, by and through her attorney of

record, Charles Markwell, and for her Motion to Enforce the Bankruptcy Discharge Injunction and Motion for a Finding of Contempt and Sanctions alleges as follows:

1. This Motion to Enforce the Discharge Injunction is brought pursuant to 11 U.S.C 105(a) to ensure enforcement of the code's restriction against activities engaged in by a creditor or their representative after a discharge.

2. The court has jurisdiction under provision of 28 U.S.C. 1334, and 157(a).

3. By virtue of 28 U.S.C. 157 (b)(2)(E), this is a core proceeding.

4. The Debtor filed for Chapter 7 Bankruptcy Protection in the United States Bankruptcy Court in Eastern Missouri on or about April 11th, 2013 (13-43337). That case was filed using her former name Kristen Kindred. The Court granted Discharge on or about July 10, 2013.

5. At the time of filing the Chapter 7, the Debtor was delinquent on her Condominium Assessments in the amount of $2,524.23. This debt was discharged in bankruptcy though the lien remained on the property.

6. Pursuant to MO. Rev. Code 448.003.116, A lien for unpaid condominium assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessments becomes due. (MO. Rev. Code 448.003.116)

7. Accordingly, the lien for the unpaid assessments, dating back 2013 and prior, expired no later than 2016.

8. In June of 2018, the Debtor listed her condominium for sale.

9. June 25, 2018: Marie Estates filed a Notice of Lien, in part regarding unpaid assessments dating back to 2013. The total amount reported was $5,190.23, $2,524.23 representing the funds due at the time of the Chapter 7 filing. (See Exhibit A – Lien filed June 25, 2018)

10. On August 8, 2018, Debtor communicated with Marie Estates inquiring about the amount of the Lien and was told that the amount owed included the pre-filing debt. (See Exhibit B)

11. Shortly thereafter, Debtor hired attorney Michael B. Watkins in O'Fallon MO to assist her in understanding and resolving this lien issue.

12. Between August 31st and September 4th, Mr. Watkins had numerous communications with Stephen Ahlheim of Ahlheim and Dorsey, LLC about the legality of the lien and the fact that any lien concerning the pre-filing debt had extinguished under Missouri law.

13. September 4th, 2018, Debtor closed on the sale of the condominium, proceeds with withheld from the seller/debtor in the amount of $6041.19. this total included the amount of $2,524.23 for pre filing assessments involving the extinguished lien. The funds were withheld from that closing were distribution to and collected by Marie Estates Condominium Association.

14. Both Respondents' conduct and actions constitute a continuing clear and willful violation of the Automatic Stay 11 U.S.C. 362 and Bankruptcy Discharge Injunction 11 U.S.C. 524(a)(2). Both were provided Notice of the Filing and Discharge. Neither has acted upon their affirmative duty to not violate the Court's Order.

Wherefore, Debtor prays that this Court enter an Order compelling both Respondents, Ahlheim and Dorsey, LLC and Marie Estates Condominium Association, to adhere to the restrictions and prohibitions enumerated in 11 U.S.C. 362 and 11 U.S.C. 524(a)(2), a finding of contempt, and any other such relief to which the debtor may be entitled or the Court deems just and proper in the circumstances.

## MOTION FOR SANCTIONS

15. That the Debtor restates and re-alleges all previous paragraphs.

16. That the actions and conduct of both Respondents constitute a violation of the discharge injunction under 11 U.S.C. 524(a)(2).

17. That the Respondents', both Ahlheim and Dorsey, LLC and Marie Estates Condominium Association, had an affirmative duty to ensure that no violations of the discharge injunction take place once notice of the bankruptcy discharge had been received.

18. That in light of Respondents willful violation of the discharge injunction, the Debtor is entitled to actual damages in the amount of $2524.23 under 11 U.S.C. 105(a). That this amount represents the dollar value wrongfully taken from the Debtor. The Debtor also request punitive damages be assessed in the amount of $10,000.00. That the Debtor's request for punitive damages is intended to deter the Respondents and other unsecured creditors from engaging in conduct similar to that which forms the basis of this present Motion. Specifically, this measure is sought to deter Respondents from forcing future debtors from having to resort to court intervention to insist Respondents follow the law.

19.     That the Debtor also seeks attorney fees and cost authorized under 11 U.S.C. 105(a) in the amount of $4000.00, and $261.00 to reopen the case.

WHEREFORE, Debtor prays that this Court enter an Order for actual damages in the amount of $2,524.23; for punitive damages of $10,000.00 as a result of the continuing discharge injunction violation, or that amount that Court deems just and proper in the circumstances; for attorney fees in the amount of $4,000.00, and $261.00 for filing fees to reopen the case, and for other such relief as the Court deems just and proper under the circumstances.

SUMMARY OF EXHIBITS

In support of the Debtor's Motion, Debtor supplies the following Exhibits.

Exhibit A  -  Notice of Lien For Assessments  -  Filed 6/25/2018

Exhibit B  -  Email from Marie Estates describing amount of the claim containing the amount she "claimed personally in bankruptcy".

MARKWELL LAW, LLC

BY:  /s/ Charles Markwell_____
Charles Markwell #61336
1031 Peruque Crossing Ct., Ste. B
O'Fallon, Missouri, 63366
guss@gussmarkwell.com
Telephone:     636-486-1093
Facsimile:      636-634-3462

CERTIFICATE OF SERVICE

Comes now the Defendant, by and through its counsel, and states that a copy of this Motion was served the means below.  __X__ U.S. Mail Postage Prepaid.

On this 19th Day of October, 2018, to:

Stephen Ahlheim,  2209 First Capitol Drive  St. Charles, MO 63301  Individually and as representative of Ahlheim and Dorsey, LLC.

Marie Estates Condominium Association  I/C  Stephen Ahlheim, 2209 First Capitol Drive  St. Charles, MO 63301

MARKWELL LAW, LLC

BY:  /s/ Charles Markwell_____
Charles Markwell #61336
1031 Peruque Crossing Ct., Ste. B
O'Fallon, Missouri, 63366
Telephone:       636-486-1093
Facsimile:        636-634-3462